**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO MARTINEZ ORENDAIN; ROSA ISELA MARTINEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71831 <br><br> Agency Nos. A097-361-070 <br> A097-361-071 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Ernesto Martinez Orendain and Rosa Isela Martinez, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") removal order. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005). Petitioners' contention that the agency violated due process by not properly analyzing their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See id*. at 930 ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA properly concluded that petitioners failed to establish that their former counsel had provided ineffective assistance before the IJ where they did not comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and the ineffective assistance is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-99 (9th Cir. 2004).

Petitioners' due process claim regarding the BIA's refusal to reinstate their voluntary departure orders is unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**